**Mei Fang LU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 04–4395–AG(L), 04–4396–AG(CON), 04–4397–AG(CON).

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Theodore N. Cox, Law Office of Theodore N. Cox, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney, Northern District of Texas. D. Gordon Bryant, Jr., Assistant United States Attorney, Amarillo, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of these petitions for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petitions be DENIED.

In the case filed under Docket Number 04–4395–ag, Mei Fang Lu, a native and citizen of China, petitions for review of the BIA decision affirming an Immigration Judge's ("IJ's") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In the cases filed under Docket Numbers 04–4396–ag and 04–4397, Lu's two minor children, Lu Quan Xin and Lu Jin Ian, petition for review of the same BIA decision. Because the claims of Lu's children are entirely derivative of Lu's claims, and because all three petitions challenge the same BIA decision with the same administrative record, we hereby CONSOLIDATE the three petitions for review and designate Docket Number 04–4395–ag as the lead petition. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ In this case, the IJ correctly found that the record did not support Lu's application, and made a supportable adverse credibility finding against her. The IJ provided specific, cogent reasons for her adverse credibility finding based on inconsistencies in Lu's testimony, and apparent contradictions and falsehoods in testimony

by both Lu and her husband, Tian Guan Guang. First, the IJ rejected Lu's and Guang's testimony about the forced abortion on the ground that Lu never included a forced abortion claim in her asylum application. Although Lu initially testified that she had been forcibly aborted at nine months of pregnancy by government officials, she later testified that she had not had an abortion, but rather, that she had a miscarriage as a result of a visit by government officials. Lu's testimony that she had never told her husband about the pregnancy or the incident, for fear of getting him angry, cannot be reconciled with Guang's testimony that he was present during the incident and had been aware of the pregnancy. Accordingly, the IJ correctly rejected Lu's claim of past persecution.

■ Second, the IJ ruled that Lu had failed to establish a well-founded fear of future persecution on the ground that while Lu claimed to have been threatened with sterilization by government officials on numerous occasions, Lu continued to have children despite these alleged threats, and no efforts appear to have been made by government officials to follow through with the sterilization. Lu had numerous interactions with family planning officials, at which time they could have taken her for forced sterilization (including in 1995, when she went to obtain her residence identification card; in 1997, when she went to re-register her household; and in 1998, when she had been arrested and detained for 24 hours on a gambling charge). Accordingly, the IJ correctly found that Lu had failed to show past persecution and a well-founded fear of future persecution, and correctly denied her application for asylum and withholding of removal. The IJ also correctly found that Lu had not established that it was more likely than not that she would be tortured if returned to China, and accordingly, correctly denied Lu's application for relief under the CAT. Because the IJ correctly denied Lu's application, the BIA properly summarily affirmed the IJ's order of removal.

For the foregoing reasons, the petitions are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DENIED as moot.